**Gilberto RIVERA, Plaintiff,**

v.

**COLLEGE OF DuPAGE, Defendant.**

**No. 05 C 190.**

United States District Court,
N.D. Illinois,
Eastern Division.

July 25, 2006.

---

Dennis Ray Favaro, Andrew H. Haber, Patrick John Gorman, Rodney Earl Driscoll, Favaro & Gorman, Ltd., Palatine, IL, for Plaintiff.

Steven H. Adelman, Kevin David Kelly, Samuel Aaron Finkelstein, Lord Bissell & Brook, Joseph James Perkoski, Rachel Ellen Lutner, Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., Chicago, IL, Todd Kenneth Hayden, Susan W. Glover, Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., Joliet, IL, Everett E. Nicholas, Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., Decatur, IL, for Defendant.

## ORDER

BUCKLO, District Judge.

Plaintiff, who is bilingual, has brought a two-count complaint against his employer alleging that his immediate supervisor instructed him on five occasions during a five-month period not to speak in Spanish to his fellow employees. After plaintiff complained to the College's human resources department, he alleges that his supervisor commented twice more about his Spanish-speaking, and that another supervisor also once instructed him not to speak Spanish. In addition, he alleges that he suffered "retaliatory reprisals" from his immediate supervisor, including that she (1) ridiculed the amount of food that he consumed (though this ridicule actually began over a year before his internal complaint); (2) once told him not to use a golf cart that was assigned to other workers; (3) once told him not to park his truck behind a particular building; (4) once told him not to allow a riding mower to continue running while not in use; (5) once told him not to clean a lawnmower in a particular location; (6) once told him not to read in a particular area during a break; (7) once told him not to listen to his personal stereo; (8) once told him not to use a workbench another employee had asked to have for himself; (9) gave him both verbal and written warnings about his display of a temper and his assistance to a student with car problems; and (10) flipped her middle finger at him on one occasion (though she had done this several times prior to his complaint), whispered to him that he was a "fucking asshole," and told him that he had an attitude problem.

 Even taking the facts in the light most favorable to the plaintiff, and drawing all reasonable and justifiable inferences in his favor, as I am required, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), I must grant defendant's motion for summary judgment. Count I of plaintiff's complaint alleges he was discriminated against on the basis of his national origin because of the defendant's "English-only rule." However, the undisputed facts show that the eight times his supervisors instructed him to speak only in English did not constitute an "English-only rule." Neither plaintiff nor any other employee suffered any disciplinary write-up, loss of pay, suspension, or any other materially adverse employment action as a result of speaking Spanish. *See Whittaker v. N. Illinois Univ.,* 424 F.3d 640, 646–47 (7th Cir.2005).

 Count II of plaintiff's complaint alleges that he was retaliated against after

reporting to upper-level management that his immediate supervisor had instructed him not to speak Spanish. Rivera contends that he can use the direct method to show this retaliation because he can demonstrate that (1) he engaged in statutorily protected activity; (2) he suffered an action that would have been materially adverse to a reasonable employee; and (3) there is a causal connection between the two. See *Luckie v. Ameritech Corp.*, 389 F.3d 708, 714 (7th Cir.2004) (internal citation omitted); *Burlington N. & Santa Fe Ry. Co. v. White*, ⸺ U.S. ⸺, 126 S.Ct. 2405, 2414–15, 165 L.Ed.2d 345 (2006) (internal citations omitted). While Rivera did engage in a statutorily protected activity by complaining to his supervisor, there is no evidence from which to infer a causal connection between his complaints and his supervisor's actions. Neither can Rivera proceed using the indirect method of proof. Rivera has presented no evidence of similarly-situated employees who did not complain about the purported "English-only" rule who were treated differently. See *Williams v. Waste Mgmt. of Illinois*, 361 F.3d 1021, 1031 (7th Cir.2004). Further, Rivera cannot show that he suffered a materially adverse action. To be materially adverse, an action must "have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co.*, ⸺ U.S. ⸺, ⸺, 126 S.Ct. 2405, 2414–15, 165 L.Ed.2d 345 (internal citations omitted). Rivera was not terminated, suspended, demoted, docked any pay, or given undesirable work assignments after complaining about his supervisor's comments or filing an EEOC charge. Instead, his supervisor gave him comments and warnings about his job performance (which Rivera believes was an "unjustified higher level of scrutiny"), ridiculed the amount of food he ate, and on one occasion, made an obscene gesture at him and called him an obscene epithet. While these actions may have been stressful or hurtful to Rivera, they would not have dissuaded a reasonable employee from making a complaint.

■■ In his response, plaintiff argues that his supervisor's policy prohibiting Spanish-speaking in the workplace created a hostile work environment for him. Setting aside the fact that neither his EEOC charge nor his complaint articulate this theory, the facts do not show that the supervisor's directions to speak English were so "severe or pervasive" as to constitute a hostile work environment. In considering whether conduct is severe or pervasive, I have considered "the totality of the circumstances, including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Cerros v. Steel Techs., Inc.*, 288 F.3d 1040, 1046 (7th Cir.2002) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). While even eight comments over a few months' time may in some circumstances create such an environment, the conduct here was infrequent, it was not physically threatening, it did not amount to an "English-only policy," and it did not interfere with Rivera's work performance. It may have been inappropriate and subjectively offensive to Rivera (and may have had a greater impact on other employees who are not parties to this suit), but it did not rise to the level of a hostile work environment for him.